UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALVAREZ, | No. 2:15-cv-00943-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| WELLS FARGO BANK, N.A., *et al.*, | |
| Defendants. | |

On May 11, 2016, the Court issued a scheduling order in the instant action. (ECF No. 26.) The Court later issued an amended ordered requiring that disclosure of expert witnesses be completed by May 2, 2017. (ECF No. 35.) On May 2, 2017, both parties filed a designation or disclosure of expert witnesses. (ECF Nos. 36 & 37.) Defendant Wells Fargo Bank ("Defendant") filed objections to Plaintiff John Alvarez's ("Plaintiff") expert witness designation. (ECF No. 40.)

Plaintiff stated in his designation that he did not presently have expert witnesses to disclose. (ECF No. 37 at 1.) However, Plaintiff identified Jenna Voyavich and Dr. Anita Prabhu as potential witnesses who have treated or will treat Plaintiff for mental and emotional distress and high blood pressure, respectively. (ECF No. 37 at 2.) Defendant asserts Plaintiff's disclosure is not in compliance with the Court's scheduling order because Plaintiff fails to provide expert witness reports. (ECF No. 40 at 2.) Defendant argues it was provided with insufficient

1

information to meaningfully assess whether Plaintiff will present these witnesses as experts and prepare rebuttal experts or testimony. (ECF No. 40 at 2.) Defendant requests the Court order Plaintiff to file an expert disclosure in accordance with the scheduling order or in the alternative preclude Jenna Voyavich and Dr. Anita Prabhu from testifying at trial. The Court declines to do either.

A treating physician is exempt from the written report requirement to the extent that their opinions were formed during the course of treatment. See *Goodman v. Staples*, 644 F.3d 817, 826 (2011). Here, the Court is not presently in the position to determine the extent to which Plaintiff's witnesses seek to testify. Plaintiff stated in his disclosure that if called upon to testify, Jenna Voyavich and Dr. Anita Prabhu would testify as percipient witnesses and Plaintiff would make them available for depositions. Furthermore, Plaintiff explained he would update his expert disclosure as soon as the need arose. Accordingly, Defendant's objections and request to either require additional reports or preclude testimony at trial is premature and is a matter better suited for motions *in limine* at trial.

Defendants request to require additional expert disclosure or preclude testimony at trial is hereby DENIED.

IT IS SO ORDERED.

Dated: May 23, 2017

Troy L. Nunley
United States District Judge